266 F.2d 821
 H. Marshall SCOLNICK, Appellant,
v.
CONNECTICUT TELEPHONE & ELECTRIC CORPORATION, Debtor, United States of America, Edward M. Rosenthal, Trustee of Debtor, Connecticut Telephone & Electric Corporation of Meriden, C. A. Auffmordt & Co., National Pneumatic Co., Inc., Appellees.
 No. 110.
 Docket 25269.
 United States Court of Appeals Second Circuit.
 Petition Filed April 9, 1959.
 Decided May 11, 1959.
 
 Sol A. Rosenblatt and Mitchell B. Booth, New York City, for petitioner-appellant.
 Irving Michael Atkin and Julius Winn (of Sherman & Goldring), Bernard Kahn, New York City, Michael Leo Looney, Washington, D. C., and Jacob Schwolsky, Hartford, Conn., for appellees Connecticut Telephone & Electric Corp., Debtor, Connecticut Telephone & Electric Corp. of Meriden, and National Pneumatic Co., Inc., in opposition.
 John H. Weir and George J. Schaefer, New Haven, Conn., for appellee C. A. Auffmordt & Co., in opposition.
 Before CLARK, Chief Judge, MOORE, Circuit Judge, and GIBSON, District Judge.
 PER CURIAM.
 
 
 1
 There is no more merit to this petition for rehearing than there was to the original appeal. In this petition the first claim is that petitioner was severely prejudiced by being forced to argue his appeal before a final ruling had been rendered on a proceeding he had instituted before the Bankruptcy Referee pursuant to § 386 of the Bankruptcy Act, 11 U.S. C.A. § 786. The decision of this Court — in holding there was no merit in petitioner's appeal — in no way precluded the petitioner from proceeding with his claim filed under § 386 of the Bankruptcy Act.
 
 
 2
 Nor is the claim, made by affidavit, that the plant of the reorganized corporation is not carrying on substantial operation and may be in the process of liquidation, material or relevant. The affidavit making this assertion is strongly attacked by counteraffidavits and appears of dubious quality. The truth or falsity of its assertions can be tested in the § 386 proceeding. And these facts, if so found, would be pertinent and relevant only if fraud were found in the valuation of the assets that led to the conclusion that the corporation was hopelessly insolvent.
 
 
 3
 Apart from these points the petition raises nothing not already considered. The petition is denied, with costs to the appellees.